UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 0:23-CV-00071-DLB-EBA

BRANDON LAMONT BAILEY,                                                               PLAINTIFF,

V.                          **REPORT AND RECOMMENDATION**

DUSTIN HENDERSON,                                                                    DEFENDANT.

*** *** *** ***

This matter is before the Court on Defendant Dustin Henderson's Motion to Dismiss Plaintiff Brandon Lamont Bailey's official capacity claims against him. [R. 17]. Bailey has not filed a response to Henderson's motion within the established time limit per LR 7.1(c), so the matter is now ripe for review.

This case revolves around an incident that occurred on November 1, 2022, during which Bailey claims Henderson and other officers violated his civil rights by macing and firing a taser at him without justification. [R. 1 at pgs. 2–4]. Bailey then filed a 42 U.S.C. § 1983 action against Henderson in both his individual and official capacities on June 9, 2023. [*Id.* at pg. 1]. On August 10, 2023, Henderson filed his 12(b)(6) motion to have Bailey's official capacity claims against him dismissed. [R. 17].

Pursuant to FED. R. CIV. P. 12(b)(6), a party can assert that a claim should be dismissed because of a "failure to state a claim upon which relief can be granted." "Suing a municipal officer in his official capacity for a constitutional violation pursuant to 42 U.S.C. § 1983 is the same as suing the municipality itself, and thus a successful suit against a municipal officer in his official capacity must meet the requirements for municipal liability stated in *Monell v. New York City*

Page **1** of **3**

*Department of Social Services*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).” *Kraemer v. Luttrell*, 189 F. App'x 361, 366 (6th Cir. 2006) (citing *Hafer v. Melo*, 502 U.S. 21, 25)). Official capacity suits "generally represent [] another way of pleading an action against an entity of which an officer is an agent," therefore a claim against Henderson in his official capacity would be regarded as a claim against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also French v. Hester*, 585 F.Supp.3d 974, 983 (E.D. Ky. 2022). "A state and its agencies are not 'persons' subject to suit under § 1983." *Jackson v. Kentucky Dep't of Corr.*, No. 3:12CV-P528-S, 2013 WL 119988, at *2 (W.D. Ky. Jan. 8, 2013) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir.1994)). Finally, the Eleventh Amendment to the Constitution bars any claims for damages against state employees or officers that have been sued in their official capacities and bars claims against state agencies in federal court. *See Graham*, 473 U.S. 159 at 169; *French*, 585 F.Supp.3d at 983.

Here, nothing has been presented to indicate that any official capacity claim against Henderson is recognized under the law. In fact, Bailey himself seems to acknowledge this given the fact he has filed a motion to amend his Complaint to omit any references to any official capacity claims against Henderson. [R. 18]. The parties therefore seem to agree that the official capacity claims against Henderson should be dismissed so that the individual capacity claims can proceed.

CONCLUSION

The undersigned RECOMMENDS that Defendant Dustin Henderson's Motion to Dismiss Official Capacity Claims Against Defendant, Dustin Henderson [R. 17] be GRANTED.

\*\*\* \*\*\* \*\*\* \*\*\*

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must

be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(1).

Signed September 19, 2023.



Signed By:
*Edward B. Atkins*  EBA
United States Magistrate Judge