UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 23-71-DLB-EBA

BRANDON L. BAILEY                                                                                         PLAINTIFF

v.                             **ORDER ADOPTING**
                        **REPORT & RECOMMENDATION**

DUSTIN HENDERSON                                                                                       DEFENDANT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

## I.  INTRODUCTION

This matter is before the Court upon Magistrate Judge Edward B. Atkins's Report and Recommendation ("R&R") (Doc. # 57), wherein he recommends Defendant Dustin Henderson's Motion for Summary Judgment (Doc. # 52) be granted. *Pro se* Plaintiff Brandon Bailey filed his Objections (Doc. # 63), and the R&R is now ripe for the Court's review. For the following reasons, Plaintiff's Objections are **overruled**, the R&R is **adopted** as the Opinion of the Court, and Defendant's Motion for Summary Judgment is **granted**.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is an inmate in the Kentucky Department of Corrections who is currently imprisoned at Little Sandy Correctional Complex in Little Sandy, Kentucky. (Doc. # 63). Previously, Plaintiff was imprisoned at Eastern Kentucky Correctional Complex ("EKCC") in West Liberty, Kentucky, where the incident leading to this case occurred. (Doc. # 1).

On November 1, 2022, Plaintiff was informed by one of the facility's corrections officers that he was being fired from his job as a kitchen worker at EKCC. (*Id*. at 2).

1

Plaintiff responded angrily and began arguing with the officer. (*Id*.). Soon after, two other officers appeared on the scene, including Defendant Dustin Henderson. (*Id*.). Unable to quell Plaintiff's ire, another officer sprayed Defendant with OC spray. (Doc. # 57 at 1–2). Defendant then used a taser on Plaintiff. (*Id*. at 2).

The parties have differing accounts of the events leading to Defendant's use of the taser. Plaintiff claims he was handcuffed and had his back turned to Defendant when Defendant used the taser on him. (Doc. # 1 at 3). Plaintiff claims he turned his back to the officers, and that he "was not a threat" and "was about to go down" when Defendant shot him in the back with the taser. (Doc. # 58 at 2). Defendant maintains that, even after being sprayed, Plaintiff refused to comply with officers' orders and walked away from officers. (Doc. # 52-1 at 2). Defendant contends that he then used his taser because Plaintiff further refused to comply after previously acting hostile toward other officers. (*Id*.). According to Defendant, officers were only able to put Plaintiff in restraints after Defendant used the handcuffs. (*Id*.).

From this encounter, Plaintiff was found guilty of conducting a Category V-12 infraction for violent demonstration and was punished with thirty days of disciplinary segregation with nine days of the sentence suspended. (Doc. # 57 at 2). Plaintiff appealed his disciplinary report, and the decision was ultimately upheld. (Doc. # 57-3). Plaintiff then filed a grievance with EKCC, alleging he was subjected to an "abuse of force" when Defendant used the taser on him. (Doc. # 57-4). Plaintiff's grievance was returned as "non-grievable" because the officers' alleged misconduct related to a disciplinary write-up Plaintiff had received. (*Id*.; *see also* Doc. # 52-5).

Plaintiff thereafter filed a 42 U.S.C. § 1983 action against Defendant in both his individual and official capacities, alleging a violation of his rights under the Eighth Amendment. (Doc. # 1). Defendant filed his Answer on August 10, 2023.[1] (Doc. # 16). After a lengthy discovery period, Defendant filed the Motion for Summary Judgment at issue. Plaintiff filed a Response and Defendant did not file a Reply. (Doc. # 57 at 3).

## III.   REPORT AND RECOMMENDATION

Magistrate Judge Atkins began his R&R by establishing the standard for evaluating motions for summary judgment, governed by Federal Rule of Civil Procedure 56 and Sixth Circuit case law. (*Id*. at 3–5).

Judge Atkins then began his analysis of Defendant's two arguments. Judge Atkins first addressed Defendant's argument that summary judgment is appropriate because Plaintiff failed to exhaust all the available administrative remedies before bringing this suit. (*Id*. at 5). Judge Atkins looked to the Prison Litigation Reform Act ("PLRA"), which states that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted*." (*Id*. (quoting 42 U.S.C. § 1997(e))). After establishing that standard, Judge Atkins dismissed Defendant's argument because he determined the exhaustion requirement did not apply to Plaintiff's grievance since Plaintiff's complaint was determined to be a "non-grievable" issue. (*Id.* at 9). Judge Atkins quoted the Sixth Circuit's decision in *Figel v.*

---

[1]   Defendant filed a Motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's official capacity claims. (Doc. # 17). Magistrate Judge Atkins issued a Report and Recommendations on September 19, 2023, recommending that Defendant's Motion be granted. (Doc. # 19). This Court adopted Judge Atkins's R&R on March 11, 2024, thereby removing that claim from this case. (Doc. # 27).

3

*Bouchard*, where the Court noted that a plaintiff cannot be required to exhaust administrative remedies regarding non-grievable issues. (*Id*.(quoting 89 F. App'x 970, 971 (6th Cir. 2004))). Judge Atkins further took note of the Western District of Kentucky's analysis in *Mays v. Kentucky Dep't of Corr.*, where that court determined that a defendant cannot treat a complaint as non-grievable while simultaneously arguing that the complaint should be dismissed for failure to follow the grievance process. (*Id*. at 9–10 (citing No. 3:17-CV-P290-JHM, 2018 WL 4603153 (W.D. Ky. Sept. 25, 2018))). On these bases, Judge Atkins determined Defendant had not met his burden of proving Plaintiff failed to exhaust his administrative remedies. (*Id*. at 10).

Next, Judge Atkins turned to Defendant's second argument—that the doctrine of qualified immunity shields him from any liability in this matter. (*Id*.). Judge Atkins established the Sixth Circuit standard for qualified immunity analysis, which requires asking (1) whether the facts alleged show the officer's conduct violated a constitutional right, and (2) whether the right is clearly established. (*Id*. at 10–11 (quoting *Seales v. City of Detroit, Mich*., 724 F. App'x 356, 359 (6th Cir. 2018))).

Having established the standard, Judge Atkins next turned to Plaintiff's claims against Defendant. Judge Atkins first determined that Plaintiff would need to establish both objectively and subjectively that Defendant subjected him to cruel and unusual punishment in violation of the Eighth Amendment. (*Id*. at 12). To prove the objective element, Judge Atkins determined that Plaintiff needed to show that the harm done rose to a sufficiently serious level, as opposed to a *de minimis* use of force. (*Id*.). Judge Atkins then determined that the subjective component required the harm to occur from "a prison official's sufficiently volitional actions" as opposed to accidental conduct that causes

4

injury. (*Id*. (quoting *Johnson v. Sootsman*, 79 F.4th 608, 615 (6th Cir. 2023))). Judge Atkins determined that the core inquiry in analyzing an alleged Eighth Amendment violation by a prison official is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." (*Id*. (quoting *Hudson v. McMillian*, 503 U.S. 1, 9–10 (1992))).

Taking the requisite standard into account, Judge Atkins determined that Plaintiff did not present any evidence regarding the subjective component of his Eighth Amendment claim. (*Id*.). Judge Atkins concluded that Plaintiff did not present any evidence that Defendant used the taser on him with malicious or sadistic intent. (*Id*. at 13–14). He noted that Plaintiff did not present evidence that he suffered any permanent or critical injuries because of Defendant's use of the taser. (*Id*. at 14). Judge Atkins distinguished Plaintiff's case from *Young v. Kent Cnty. Sheriff's Dep't*—a Sixth Circuit case Plaintiff cites in his favor—by noting that *Young* is inapplicable to this case because its analysis was under the Fourteenth Amendment as opposed to the Eighth Amendment. (*Id*. at 14 (citing No. 21-1222, 2022 WL 94990 at *4 (6th Cir. Jan. 10, 2022) (determining that using a taser and pepper spray on a pre-trial detainee is a violation of the Due Process Clause of the Fourteenth Amendment))). Accordingly, Judge Atkins concluded Plaintiff had not met his burden on the subjective issue, meaning his claim failed on the merits. (*Id*. at 15).

Judge Atkins additionally concluded that Plaintiff did not provide evidence to satisfy the objective prong of the Eighth Amendment analysis. (*Id*. at 15 n.5). Finally, Judge Atkins determined that even if Plaintiff had proven his burden on the subjective and objective prongs, he had nevertheless not proven that the use of a taser was a clearly

5

established violation of his Eighth Amendment rights.  (*Id*. at 15).  To the contrary, Judge Atkins provided Sixth Circuit case law holding that the use of a taser on a prisoner is not a violation of the Eighth Amendment per se.  (*Id*. (first citing *Johnson*, 79 F.4th at 620; then citing *Caldwell v. Moore*, 968 F.2d 595, 600 (6th Cir. 1992))).  On this basis, Judge Atkins recommended that Defendant's Motion for Summary Judgment be granted.  (*Id*. at 16).

## IV.  ANALYSIS

### A.  Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of any motion."  Under Federal Rule of Criminal Procedure 59(b)(1)(2), following a magistrate judge's recommended disposition, a party has fourteen days to file "specific written objections to the proposed findings and recommendation."  The district judge is required to "consider de novo any objection to the magistrate judge's recommendation," and "may accept, reject, or modify the recommendation."  Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).  Failure to object is considered waiver of the party's right to review.  Fed. R. Crim. P. 59(b)(2).

The purpose of objections is to allow "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (footnote omitted).  Therefore, objections to the R&R must be specific—they may not be "vague, general, or conclusory . . . [as such objections are] tantamount to a complete failure to object."  *Fields v. Lapeer 71-A District Court Clerk*, 2

6

F.App'x 481, 482–83 (6th Cir. 2001). "Moreover, 'an "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context." *United States v. Vanover*, No. 2:10-cr-14, 2017 WL 1356328, at *1 (E.D. Ky. Apr. 11, 2017) (quoting *VanDiver v. Martin*, 304 F.Supp.2d 934, 938 (E.D. Mich, 2004)).

### B.     Plaintiff's Objections

Plaintiff's main objection is to Judge Atkins's conclusion that Defendant was entitled to qualified immunity.[2] Specifically, Plaintiff contends he did in fact plead enough evidence to objectively and subjectively allege a violation of his Eighth Amendment rights. (Doc. # 63 at 2). To prove he met the subjective element, Plaintiff repeatedly draws on the agreed-upon fact that Defendant shot him in the back with a taser and that Plaintiff alleges he was never told not to move before being shot with the taser. (*Id*. at 4). Plaintiff additionally argues that Defendant's actions were excessive because "order was maintained form [sic] the first use of force, the O.C. spray." (*Id*. at 5).

Plaintiff's objections here do not meet the burden for overturning Judge Atkins's decision. While there may be differences in the parties' versions of what happened leading up to Defendant's use of the taser, the fact remains that there is no evidence to suggest Defendant acted maliciously or sadistically when he used his taser on Plaintiff. Plaintiff did not point to anything Defendant said or any additional actions Defendant took that would lead a jury to believe Defendant acted with malice. Plaintiff's chief piece of evidence is that he was never specifically told he needed to stay in place, but that alone

---

[2] Plaintiff did not object to Judge Atkins's conclusion that Plaintiff had exhausted his available administrative remedies. (Doc. # 63 at 1).

7

is not enough to prove malice. *See Caldwell*, 968 F.2d at 600 ("To determine such motivations on the part of correctional officers, courts should consider the reasons or motivation for the conduct, the type of force applied, and the extent of inflicted injury."). Indeed, Plaintiff's objection is no more than a disagreement with Judge Atkins's conclusion without any reasoning as to why his position is correct and Judge Atkins's is wrong.

Next, to prove he met the objective component, Plaintiff refers to the Supreme Court's decision in *Hudson v. McMillian* for the proposition that a plaintiff need not show permanent injury when alleging excessive force. (*Id*. at 7–8 (citing 503 U.S. 1, 8–10 (1992))). Plaintiff additionally disagrees with Judge Atkins's conclusion that *Young* is distinguishable from his case and claims *Young* and other cases are "directly on point, and support[] his case." (*Id*. at 8–9 (citing several Supreme Court and Sixth Circuit cases that affirm violations of a defendant's Fourth Amendment rights in excessive force cases)).

Again, Plaintiff's claims amount to nothing more than disagreements with Judge Atkins's findings and conclusory statements based on scant evidence. Regarding the objective component, Plaintiff does not actually provide any evidence that he was the victim of punishment that is cruel or unusual. Plaintiff also does not provide any case law that indicates that the punishment he received—being tased in the back—has been deemed to be cruel and unusual by the Sixth Circuit or the Supreme Court of the United States. Plaintiff defends his use of *Young* by pointing to cases where courts have granted excessive force claims under the Fourth Amendment, but that argument is unavailing. (*Id*. at 8–10). The problem with that argument is that Plaintiff requested relief under the

8

Eighth Amendment, not the Fourth. And to show excessive force in violation of the Eighth Amendment, Plaintiff needs to show he was subject to a cruel and unusual punishment. Here, Plaintiff has not alleged facts nor case law that would allow a reasonable jury to conclude he was subjected to cruel and unusual punishment under the Eighth Amendment. As it were, Plaintiff's objection to Judge Atkins's conclusion is little more than a conclusory statement without any backing, which is not enough to overturn a magistrate judge's conclusions. *See Vanover*, 2017 WL 1356328, at *1. Accordingly, Plaintiff's objections are **overruled**.

### V. CONCLUSION

For the reasons stated, Petitioner has failed to raise any meritorious legal objections to Judge Atkins's Report and Recommendation. Accordingly,

**IT IS ORDERED** as follows:

(1) The Magistrate Judge's Report and Recommendation (Doc. # 57) is **ADOPTED** as the **Opinion** of the Court;

(2) Plaintiff's Objections (Doc. # 63) to the Report and Recommendation are **OVERRULED**;

(3) Defendant's Motion for Summary Judgment (Doc. # 52) is **GRANTED** for the reasons stated in the Report and Recommendation;

(4) This civil action is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket; and

(5) The Court will enter a corresponding Judgment with this Order.

This 14th day of November, 2025.



Signed By:
*David L. Bunning*    DB
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Ashland Civil\2023\23-71 Order Adopting R&R.docx